```
     JBIESAVP
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
3    UNITED STATES OF AMERICA,
4              v.                           18 Cr. 759 (JSR)
5    SAVRAJ GATA-AURA,
6              Defendant.           Plea
7    ------------------------------x
                                            New York, N.Y.
8                                           November 18, 2019
9                                           4:00 p.m.
10
     Before:
11
                      HON. JED S. RAKOFF,
12
                                            District Judge
13
14                       APPEARANCES
15   GEOFFREY S. BERMAN
          United States Attorney for the
16        Southern District of New York
     VLADISLAV VAINSBERG, ESQ.
17   MARTIN BELL, ESQ.
          Assistant United States Attorney
18
     RANDY ZELIN, ESQ.
19        Attorney for Defendant
20           (Case called)
21           THE DEPUTY CLERK:  Will the parties please identify
22   themselves for the record.
23           MR. VAINSBERG:  Good afternoon.  For the United States
24   Government, Vlad Vainsberg, along with co-counsel, Martin Bell.
25           THE COURT:  Good afternoon.
```

JBIESAVP

1  MR. ZELIN:  Good afternoon, your Honor.  Randy Zelin
2  for the defendant, Mr. Gata-Aura.
3  THE COURT:  Good afternoon.  Please be seated.
4  My understanding is that the defendant wishes to
5  withdraw his previously-entered plea of not guilty and enter a
6  plea of guilty to Count One of the indictment; is that correct?
7  MR. ZELIN:  Yes, your Honor.
8  THE COURT:  Place the defendant under oath.
9  (Defendant sworn)
10 THE COURT:  Mr. Gata-Aura, let me first advise you
11 that because you're under oath anything you say that is
12 knowingly false could subject you to punishment for perjury or
13 obstruction of justice for the making of the false statements.
14 Do you understand?
15 You don't have to stand up, but bring that microphone
16 closer to you.
17 THE DEFENDANT:  Yes, your Honor.
18 THE COURT:  You read write, speak, and understand
19 English?
20 THE DEFENDANT:  Yes.
21 THE COURT:  How far did you go in school?
22 THE DEFENDANT:  Bachelor's degree.
23 THE COURT:  And have you ever been treated by a
24 psychiatrist or a psychologist?
25 THE DEFENDANT:  No, your Honor.

JBIESAVP

1   THE COURT:  Have you ever been hospitalized for any
2   mental illness?
3   THE DEFENDANT:  No.
4   THE COURT:  Have you ever been treated or hospitalized
5   for alcoholism?
6   THE DEFENDANT:  No, your Honor.
7   THE COURT:  Have you ever been treated or hospitalized
8   for drug addiction?
9   THE DEFENDANT:  No, your Honor.
10  THE COURT:  Are you currently under the care of a
11  physician for any reason?
12  THE DEFENDANT:  No, your Honor.
13  THE COURT:  In the last 24 hours, have you taken any
14  pill or medication?
15  THE DEFENDANT:  No, your Honor.
16  THE COURT:  Is your mind clear today?
17  THE DEFENDANT:  Yes.
18  THE COURT:  Do you understand these proceedings?
19  THE DEFENDANT:  Yes, your Honor.
20  THE COURT:  On the basis of the defendant's responses
21  to my questions and my observations of his demeanor, I am
22  finding he's fully competent to enter an informed plea at this
23  time.
24  You have a right to be represented by counsel at every
25  stage of these proceedings.  Do you understand that?

JBIESAVP

1    THE DEFENDANT: Yes, your Honor.
2    THE COURT: If at anytime you can't afford counsel,
3    the Court will appoint one to represent you free of charge
4    throughout all the proceedings. Do you understand that?
5    THE DEFENDANT: Yes, your Honor.
6    THE COURT: Mr. Zelin, are you retained or appointed?
7    THE DEFENDANT: I am retained, your Honor.
8    THE COURT: Mr. Gata-Aura, are you satisfied with Mr.
9    Zelin's representation of you?
10    THE DEFENDANT: Yes, I am.
11    THE COURT: Have you had a full opportunity to discuss
12    this matter with him?
13    THE DEPUTY CLERK: Yes.
14    THE COURT: And have you told him everything you know
15    about this matter?
16    THE DEFENDANT: Yes, your Honor.
17    THE COURT: Now, you had previously entered a plea of
18    not guilty and, indeed, we had scheduled a trial fairly soon;
19    but I understand now that you wish to withdraw your plea of not
20    guilty and enter a plea of guilty to Count One of the
21    indictment in satisfaction of the indictment. Is that correct?
22    THE DEFENDANT: Yes, your Honor.
23    THE COURT: Mr. Zelin, do you want the indictment read
24    again here in open court or do you waive the public reading?
25    MR. ZELIN: So waived, if your Honor please.

JBIESAVP

1 THE COURT: And, Mr. Gata-Aura, you have gone over
2 Count One with your lawyer, yes?
3 THE DEFENDANT: Yes.
4 THE COURT: And you understand the charge against you,
5 yes?
6 THE DEFENDANT: Yes.
7 THE COURT: Before I can accept any plea of guilty, I
8 need to make certain that you understand the rights you will be
9 giving up if you plead guilty so I want to go over with you now
10 the rights that you will be giving up if you enter a guilty
11 plea.
12 First, you have the right to a speedy and public trial
13 by a jury on the charges against you.
14 Do you understand that?
15 THE DEFENDANT: Yes, your Honor.
16 THE COURT: Second, if there were a trial, you would
17 be presumed innocent and the Government would be required to
18 prove your guilt beyond a reasonable doubt before you could be
19 convicted of any charge.
20 Do you understand that?
21 THE DEFENDANT: Yes, your Honor.
22 THE COURT: Third, at the trial you would have the
23 right to be represented by counsel, and if at any time you
24 cannot afford counsel, the Court will appoint one to represent
25 you free of charge throughout the trial and at all of the

```
         JBIESAVP
1        proceedings.
2                Do you understand that?
3                THE DEFENDANT:  Yes, your Honor.
4                THE COURT:  Fourth, at the trial you would have the
5        right to see and hear all the witnesses and other evidence
6        against you, and your attorney could cross-examine the
7        Government's witnesses and object to the Government's evidence
8        and could offer evidence on your own behalf, if you so desired,
9        and to have subpoenas issued to compel the attendance of
10       witnesses on your own behalf.
11               Do you understand?
12               THE DEFENDANT:  Yes.
13               THE COURT:  You would have the right to testify if you
14       wanted to but no one could force you to testify if you did not
15       want to, and no suggestion of guilt could be drawn against you
16       simply because you chose not to testify.
17               Do you understand that?
18               THE DEFENDANT:  Yes, your Honor.
19               THE COURT:  Finally, even if you were convicted, you
20       would have the right to appeal your conviction.  Do you
21       understand that?
22               THE DEFENDANT:  Yes, your Honor.
23               THE COURT:  Now, do you understand that if you plead
24       guilty you will be giving up each and every one of those rights
25       we've just discussed?  Do you understand that?
```

JBIESAVP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Very good.

3          Now, Count One of the indictment S118 Criminal 759,

4   charges you with a conspiracy, in other words, an agreement

5   with at least one other person, to commit wire fraud and it

6   carries a maximum term of imprisonment of 20 years, plus up to

7   3 years of supervised release to follow any imprisonment, plus

8   a fine of whichever is greatest -- either $250,000 or twice the

9   amount of money derived from the crime or twice the loss to the

10  victims of the crime -- plus a $100 mandatory special

11  assessment, plus restitution and forfeiture.

12         Do you understand those are the maximum punishments

13  under Count One?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Do you understand that if I were to impose

16  a term of supervised release to follow imprisonment you would

17  be subject to all the terms of supervised release, and if you

18  violated those terms you would be subject to still further

19  imprisonment, going even beyond the term of supervised release.

20         Do you understand that?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Now, of course, at this point in time I

23  have no idea what sentence I will impose if you plead guilty,

24  but one of the things I would look at, among many other

25  factors, are the sentencing guidelines, which are certain laws

JBIESAVP

1  that recommend a range for which the Court may sentence you
2  although they are not binding on the Court.
3              Have you gone over the sentencing guidelines with your
4  lawyer?
5              THE DEFENDANT:  Yes, your Honor.
6              THE COURT:  In that connection, I have been furnished
7  with a draft letter agreement that someone has to sign.
8              MR. VAINSBERG:  Permission to approach?
9              THE COURT:  Please.
10             We will mark the signed version as Court Exhibit One
11 at today's proceeding, and it takes the form of a letter from
12 Government counsel to defense counsel created November 1st,
13 2019, and it appears, Mr. Gata-Aura, that you signed it earlier
14 today.
15             Is that right?
16             THE DEFENDANT:  Yes, your Honor.
17             THE COURT:  And before signing it did you read it?
18             THE WITNESS:  Yes, your Honor.
19             THE COURT:  Did you discuss it with your counsel?
20             THE DEFENDANT:  I have, yes.
21             THE COURT:  Did you understand its terms?
22             THE DEFENDANT:  Yes, your Honor.
23             THE COURT:  Did you sign it in order to indicate your
24 agreement to its terms?
25             THE DEFENDANT:  Yes, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JBIESAVP

1    THE COURT:  Now, this letter in Court Exhibit One is
2    binding for you and the Government, but it's not binding upon
3    me, the Court.
4    Do you understand that?
5    THE WITNESS:  Yes.
6    THE COURT:  For example, this letter says that you and
7    the Government have stipulated and that the guideline range is
8    97 to 121 months' imprisonment.  I may agree with that or I may
9    disagree with it.  Even if I agree with it, I may sentence you
10   to less or more or anywhere in between, and regardless of where
11   I come out, if you plead guilty you will still be bound by my
12   sentence.
13   Do you understand that?
14   THE DEFENDANT:  Yes, your Honor.
15   THE COURT:  Generally, do you understand, if anyone
16   made any kind of prediction or promise or representation to you
17   of what your sentence will be in this case, that person can be
18   completely wrong; and nevertheless, if you plead guilty, you
19   will still be bound by my sentence.
20   Do you understand that?
21   THE DEFENDANT:  Yes.
22   THE COURT:  I should say also one other thing.
23   Mr. Gata-Aura, under your agreement with the
24   Government, however, you would have agreed that if I do
25   sentence you to 121 months or less, you will not appeal or

JBIESAVP

1   otherwise attack your sentence.
2            Do you understand that?
3            THE DEFENDANT:  Yes.
4            THE COURT:  Does the Government represent that this
5   letter agreement, which we have now marked as Court Exhibit
6   One, is the entirety of any and all agreements between the
7   Government and Mr. Gata-Aura?
8            MR. VAINSBERG:  Yes, your Honor.
9            THE COURT:  Does defense counsel confirm that as
10  correct?
11           MR. ZELIN:  Yes.
12           THE COURT:  Mr. Gata-Aura, do you confirm that as
13  correct?
14           THE DEFENDANT:  Yes.
15           THE COURT:  Mr. Gata-Aura, other than the Government,
16  has anyone else made any kind of promise to you or offered you
17  any inducement to get you to plead guilty in this case?
18           THE DEFENDANT:  No, your Honor.
19           THE COURT:  Has anyone coerced or threatened you to
20  get you to plead guilty in this case?
21           THE DEFENDANT:  No, your Honor.
22           THE COURT:  Does the Government represent that if this
23  case were to go to trial, it could through competent evidence
24  prove every essential element of this crime beyond a reasonable
25  doubt?

JBIESAVP

MR. VAINSBERG:  Yes, your Honor.

THE COURT:  Does defense counsel know of any valid defense that would likely prevail at trial?

MR. ZELIN:  No, your Honor.

THE COURT:  Mr. Gata-Aura, tell me in your own words what it is that you did that makes you guilty of this offense.

MR. ZELIN:  May my client be permitted to read his allocution?

THE COURT:  I would be very surprised if he didn't.

MR. ZELIN:  Thank you, your Honor.  Would you prefer that my client stand?

THE COURT:  No.

THE DEFENDANT:  From in or about September 2015, through in or about June 2017, in the Southern District of New York and elsewhere, I, together with other individuals, including Renwick Haddow, knowingly and wilfully agreed with these other individuals to obtain money from others by means of false statements through the use of email and fax transmissions and the wiring of funds all through and in interstate commerce.

I was an agent for Bar Works.  I engaged subagents who sold the Bar Works concept as an investment to their clients.  I represented Bar Works to the subagents and I transmitted marketing materials to these subagents on behalf of Bar Works.

These marketing materials contained false statements and they did not disclose that Renwick Haddow, for all intents

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JBIESAVP

1  and purposes, owned and control Bar Works.  Instead, these
2  marketing materials disclosed that Jonathan Black was in charge
3  of Bar Works.
4        I also spoke with subagents who sometimes were
5  investors in Bar Works as well, and I may have spoken with
6  individuals who were straight up investors or potential
7  investors, and I either did or did not -- and I either did not
8  disabuse them of the false statement that Jonathan Black was
9  Renwick Haddow's pseudonym, or I affirmatively stated that
10 Jonathan Black was running Bar Works when I knew this wasn't
11 true
12       I was to receive a commission on these sales of Bar
13 Works, in essence, and I, in fact, received commissions on
14 these sales.
15       I accept full responsibility for my actions and I am
16 sorry.
17       THE COURT:  All right.  When you did all those things,
18 you and your coconspirator, you knew what you were doing was
19 illegal and wrong; is that right?
20       THE DEFENDANT:  Yes, your Honor.
21       THE COURT:  Is there anything else regarding the
22 factual portion of the allocution that the Government wishes
23 the Court to inquire about?
24       MR. VAINSBERG:  No, your Honor.
25       THE COURT:  Is there anything else regarding any

JBIESAVP

aspect of the allocution that either side wishes the Court to further inquire about before I ask the defendant to formally enter his plea?

Anything else from the Government?

MR. VAINSBERG:  No, your Honor.

THE COURT:  Anything from the defense?

MR. ZELIN:  No, your Honor.

THE COURT:  Thank you.

Mr. Gata-Aura, in light of everything we've now discussed, how do you now plead to Count One of indictment S1 18 Criminal 759, guilty or not guilty?

THE WITNESS:  I plead guilty.

THE COURT:  Because the defendant has acknowledged his guilt as charged, because he has shown that he understands his rights, and because his plea is entered knowingly and voluntarily and is supported by independent basis of fact containing each of the essential elements of the offense, I accept his plea and adjudge him guilty of Count One of indictment S1 18 Criminal 759.

Now, the next stage in this process is that the probation office will prepare what's called a presentence report to assist me in determining sentence.

As part of that, you will be interviewed by the probation officer.  You can have your counsel present to advise you of your rights, but under my practices if you want to

JBIESAVP

1  qualify for the full credit of acceptance of responsibility,
2  you personally need to answer the questions put to you by the
3  probation officer
4          Do you understand?
5          THE DEFENDANT:  Yes, your Honor.
6          THE COURT:  After that report is in draft form, but
7  before it's in final form, you and your counsel and also
8  Government counsel have a chance to review and it and offer
9  changes, corrections, or additions directly to the probation
10 officer who will prepare the report.
11         Independent of that, counsel for both sides are given
12 leave to submit directly to the Court in writing any and all
13 materials concerning any aspect of sentence, provided those
14 materials are submitted no later than one week before sentence.
15         And we will put the sentence down for?
16         THE DEPUTY CLERK:  March 18th at 4:00.
17         THE COURT:  March 18th at 4:00 p.m.
18         All right.  Very good.
19         Anything else we need to take up today?
20         MR. VAINSBERG:  Nothing from the Government.
21         MR. ZELIN:  Nothing further from the defense.  Thank
22 you.
23         THE COURT:  Thank you.
24         (Adjourned)
25